UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ACCOUNTABILITY FOUNDATION, <br> 300 Independence Avenue SE <br> Washington, DC 20003 <br><br> *Plaintiff,* <br><br> v. <br><br> U.S. AGENCY FOR GLOBAL MEDIA <br> 330 Independence Avenue, S.W. <br> Washington, DC 20237 <br> *Defendant.* | Civil Action No. 1:22-cv-889 |

# COMPLAINT

The U.S. Agency For Global Media ("USAGM") has withheld records that the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requires Defendant to release to Plaintiff. Accordingly, Plaintiff American Accountability Foundation files this complaint seeking declaratory and injunctive relief to compel USAGM's compliance with the requirements of FOIA to release the requested records.

## JURISDICTION AND VENUE

1. This Court has subject matter and personal jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 8 U.S.C. § 1391(e).

1

## PARTIES

3. Plaintiff American Accountability Foundation is a public interest non-profit organization, organized under the laws of Delaware with its principal place of business at 300 Independence Ave. SE, Washington, DC 20003. Founded in 2020, American Accountability Foundation investigates and reports on bureaucratic overreach that impacts constitutional liberties. American Accountability Foundation's activities include review of federal actions that have potential for corruption, misuse of public assets, and abuse of public trust.

4. USAGM is a Department of the United States Government, which is headquartered at 330 Independence Ave. SW, Washington, D.C. 20237.

5. USAGM has possession, custody, and control of the requested records and is subject to the jurisdiction of 5 U.S.C. § 552(f)

## STATEMENT OF FACTS

6. USAGM is a government agency that functions as a networked global media agency, containing of six entities which exist to enhance U.S. interests abroad by engaging and connecting with people around the world in support of freedom and democracy.

7. One of the six entities comprising USAGM is a news outlet called Voice of America ("VOA").

8. VOA is tasked with providing trusted and objective news and information in 47 languages.

9. One of the languages and regions where VOA operates is in Arabic in the Middle East, specifically in the nation of Iran.

10. Recently individuals residing in this region have voiced concerns that VOA has been infiltrated by anti-American pro-Islamic state interests and that the message of VOA had been compromised in a manner that was biased toward the Islamic state factions in Iran.

11. AAF submitted 58 FOIA requests to ascertain the truth or falsity of the allegations that VOA had been infiltrated by such biased interest.

12. These FOIA requests asked for communications between staff of VOA and individuals in Middle Eastern nations, including Iran.

13. On information and belief, these communications show that staff of VOA have been approving biased news reports and biased reporters who are disseminating messages opposed to American interests.

14. On information and belief, USAGM has retained records relating to these contracts and communications.

15. On information and belief, USAGM's retained records include copies of electronic communications which may have been illegal or improper.

16. The retained records are a matter of public information subject to the Freedom of Information Act.

17. The retained records are covered by the FOIA request submitted by Plaintiff to Defendants.

Plaintiff's FOIA Requests

18. On November 1, 2021, Plaintiff submitted fifty-eight (58) discreet FOIA requests to USAGM.

19. Plaintiff's FOIA request requested copies of emails from specific people and subjects relevant to VOA activity in the Middle East.

20. USAGM did not timely respond to Plaintiff's FOIA request.

21. Two months later, on January 4, 2022, USAGM responded by stating that it acknowledged the November 1, 2021 FOIA requests.

22. USAGM assigned each of the FOIA requests a number.

23. USAGM did not request any clarification regarding any of the FOIA requests.

24. To date, USAGM has not turned over any responsive documents.

25. To date, USAGM has not issued any formal response on the FOIA requests.

The Defendant Failed to Respond to Plaintiff's FOIA Requests As Required by Law

26. To date, Plaintiff has received no responsive documents for any of its FOIA requests to USAGM.

27. USAGM has acknowledged receipt of the FOIA request more than twenty working days ago, and it therefore appears to have failed to comply with 5 U.S.C. § 552(a)(6)(A)(i).

28. Even in the face of documents acknowledged to exist, USAGM has failed to produce even a single page of responsive materials.

29. Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA requests.

30. USAGM has wrongfully withheld the requested records from Plaintiff.

## CLAIMS FOR RELIEF

### First Cause of Action

Injunction Requiring a Formal Response

31. Plaintiff served a FOIA requests on USAGM according to the requirements of 5 U.S.C. § 552(a)(6)(A).

32. USAGM acknowledged the FOIA requests but failed to comply with the statutory requirement that USAGM formally state whether it would comply with or deny the requests.

33. USAGM did not properly request an extension for unusual circumstances.

34. Even treating USAGM's response as a request for extension under unusual circumstances, USAGM failed to comply with the deadline for a formal response under unusual circumstances under 5 U.S.C. § 552(a)(6)(B)(i).

35. USAGM has currently not issued a final response to any of Plaintiff's FOIA requests and has not produced any documents responsive to any of Plaintiff's FOIA requests.

36. Thus, Plaintiff is entitled to injunctive relief ordering USAGM to provide a formal response either agreeing to comply with each respective request or denying each request, along with the legal basis for such a denial, if any.

## **Second Cause of Action**

### Injunction Requiring Production of Responsive Documents

37. On information and belief, USAGM is in possession of responsive documents which it is legally obligated to turn over in response to Plaintiff's FOIA requests.

38. USAGM has not provided any legal justification for failing to turn over responsive documents.

39. Plaintiff is entitled to receive copies of these documents under 5 U.S.C. § 552(a)(4)(B).

40. Thus, Plaintiff is entitled to injunctive relief ordering USAGM to turn over copies of responsive documents.

## **Third Cause of Action**

### Attorney Fees

41. 5 U.S.C. § 552(a)(4)(E) authorizes the Court to award attorney fees and other litigation costs incurred in any case brought under this section if the complainant substantially prevails.

42. Plaintiff is entitled to be a prevailing party under the controlling law and on that basis requests an award of attorney fees and other costs associated with this action.

**DEMAND FOR RELIEF**

Plaintiff respectfully asks that this Court:

A. Order the Defendant to issue a final decision on all FOIA requests at issue here.

B. To the degree that responsive documents are in the possession of Defendant, order the Defendant to disclose by a date certain the requested records in their entireties and make copies available to Plaintiff.

C. Enjoin Defendant from continuing to withhold all non-exempt records responsive to Plaintiff's FOIA requests.

D. Award Plaintiff its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant such other relief as the Court may deem just and proper.

Dated: April 1, 2022

Respectfully submitted,

*/s/ Jared R. Butcher*
Jared R. Butcher
D.C. Bar No. 986287
CrossCastle PLLC
1701 Pennsylvania Ave. NW, Ste. 200
Washington, DC 20006
Phone: (202) 960-5800
Fax:  (612) 234-4766
jared.butcher@crosscastle.com

Blake W. Meadows (*pro hac vice pending*)
Georgia Bar No. 569729
Foster, Foster, & Smith, LLC
141 S. McDonough St.
Jonesboro, GA 30236
Phone: (770) 478-4000
bmeadows@fostersmith.law

*Attorneys for the Plaintiff*